**STATE OF FLORIDA AND THE TAXPAYERS, PROPERTY OWNERS AND CITIZENS OF SAID CITY OF MIAMI, INCLUDING NON-RESIDENTS OWNING PROPERTY OR SUBJECT TO TAXATION THEREIN, v. THE CITY OF MIAMI, a Municipal Corporation.**

27 So. (2nd) 112                                    June Term, 1946
July 16, 1946                                              En Banc

*Glenn C. Mincer* and *C. O. Carson,* for appellants.

*J. W. Watson, Jr., Sidney S. Hoehl* and *Masslich & Mitchell* (New York, N. Y.) for appellee.

BUFORD, J.:

The statement of the pertinent facts of this case has been made as follows:

"On February 26, 1946, the Commission of the City of Miami adopted Resolutions Nos. 19204 and 19205, ordering that sanitary improvements designated 'Sanitary Sewer Improvement No. SR 311' and 'Sanitary Sewer Improvement No. SR 312' respectively, be made under the provisions of Section 56 of the City Charter (Chapter 10847, Special Laws of Florida, 1925), as amended, and chapter 23407, Special Laws of Florida, 1945 (herein called the 'Sewer Financing Act').

"Prior to the adoption of said resolutions Nos. 19204 and 19205, the Water and Sewer Board of the City, pursuant to the request of the City Commission and as required by the Sewer Financing Act, caused to be made surveys and investigations and estimates of costs and of revenues, and prepared and submitted to the City Commission a comprehensive report recommending the scope and type of sewer improvements to be constructed and setting forth such estimates.

"Resolution No. 19204, ordering Sanitary Sewer Improvement No. SR 311, sets forth the location by terminal points and route of each sanitary sewer so ordered, a description of the lots and parcels to which sanitary sewer laterals are to be laid, and a description of each such sanitary sewer and lateral, and provides that special assessments for a portion of the

cost of such sanitary sewers shall be levied upon the lots and parcels of land which abut upon the side or sides of the streets therein mentioned, such lots and parcels of land being designated 'Sanitary Sewer Improvement District No. SR 311,' and that to each lot or parcel to the property line of which a sewer lateral is laid shall be assessed the cost of that lateral.

"Resolution No. 19205, ordering Sanitary Sewer Improvement No. SR 312, sets forth the location by terminal points and route of each sanitary sewer so ordered and a description thereof, and provides that special assessments for a portion of the cost of such sanitary sewers shall be levied upon the lots and parcels of land which abut upon that side of the streets therein mentioned on which such sewers are to be laid, such lots and parcels of land being designated 'Sanitary Sewer Improvement District No. SR 312.'

"The sewers ordered by Resolution No. 19204 are commonly referred to as 'center-line sewers'; laterals are constructed from such sewers to the property lines. The sewers ordered by Resolution No. 19205 are commonly referred to as 'curb sewers'; in such cases no laterals are required. It has been the practice in Miami for years to construct center-line sewers in some streets and curb sewers in others, depending upon conditions and costs. Approximately one-third of the area of the City now has sewers and the sewers ordered by these two resolutions are intended to furnish sewer service to the balance of the City.

"Hearings on the confirmation of Resolutions Nos. 19204 and 19205 were held, after due notice, on March 13, 1946, and after receiving and considering all objections, the City Commission on said date adopted Resolutions Nos. 19275 and 19276, confirming Resolution Nos. 19204 and 19205, respectively. No action has been instituted in any court objecting to the making of either of said sanitary sewer improvements. "Thereupon on March 13, 1946, the City Commission adopted Ordinance No. 3052 authorizing the issuance, subject to the election therein provided for, of general obligation bonds of the City of Miami in the aggregate principal amount of $6,400.000 for the purpose of paying the cost of said Sanitary Sewer Improvement No. SR 311 and said Sanitary Sewer Im-

provement No. SR 312. By ordinance No. 3055, adopted March 15, 1946, the City Commission provided for the holding of the bond election on April 16, 1946, and for the submission to the qualified electors of the City of Miami who were freeholders therein of the following question:

" 'Shall bonds of the City of Miami, Florida, in the aggregate principal amount of $6,400,000 be issued for the purpose of paying the cost of sanitary sewer improvements within said City, such bonds to bear interest at the rate of 4% per annum, unless the City Commission shall be able to sell all or a part of the bonds bearing interest at a lower rate or rates, such interest being payable semi-annually on the 1st days of January and July in each year, and maturing annually, $232,000 on January 1 in each of the years 1950 to 1958, inclusive, $261,000 on January 1 in each of the years 1959 to 1966, inclusive and $2,224,000 on January 1, 1967, subject to such right of prior redemption as may be provided by the City Commission in the resolution providing for the issuance of said bonds, both the principal of and the interest on said bonds being payable at the Chemical Bank & Trust Company in the Borough of Manhattan, City and State of New York?'

"The total number of qualified electors residing in the City of Miami who were freeholders and legally entitled to participate in said election was 26,373. Of the 18,442 votes cast in said election 17,353 were in favor of the bonds and 1089 were against the bonds. The returns were duly canvassed by the City Commission on April 17, 1946, and on May 1, 1946, the City Commission adopted Resolution No. 19400 providing for the issuance of the $6,400,000 Sanitary Sewer Bonds of the City. Ordinance No. 3052 and Resolution No. 19400 provide that there shall be levied and collected annually while any of said Sanitary Sewer Bonds shall be outstanding, a special tax upon all taxable property within the City over and above all other taxes authorized or limited by law sufficient to pay the principal of and the interest on said bonds as the same respectively become due and payable, and there shall be pledged to the payment of such principal and interest the proceeds of all special assessments levied upon the lots and parcels of land designated 'Sanitary Sewer Improvement District No. SR 311'

and 'Sanitary Sewers Improvement District No. SR 312,' as provided in said Resolution No. 19204 and said Resolution No. 19205, respectively, for a portion of the cost of the sanitary sewer improvements ordered by said resolutions, and that such annual tax levy may be reduced in any fiscal year by the amount of the proceeds of such special assessments actually received in the preceding fiscal year. Said Resolution No. 19400 provides that the proceeds of such special taxes and of such assessments shall be deposited as received to the credit of a special fund thereby created and designated the 'Sanitary Sewer Bond Fund' and that, subject to the terms and conditions set forth therein, the moneys in the Sanitary Sewer Bond Fund shall be used for no other purpose than the payment of the principal of said bonds at their respective maturities, or the payment of the interest upon said bonds as such interest shall fall due, or the purchase or redemption of said bonds before maturity, which moneys are pledged to and charged with such payments. Among the conclusions of law in the decree of the Circuit Court from which the appeal is taken is the following:

" '(5) That neither Resolution No. 19204, ordering Sanitary Sewer Improvement No. SR 311, nor Resolution No. 19205, ordering Sanitary Sewer improvement No. SR 312, nor either of the resolutions confirming the same, orders more than one improvement of a class of improvements, as defined in Section 56 of the Charter of the City of Miami, as amended, that none of said resolutions fails to give a separate designation to the improvement ordered or confirmed thereby or to limit the assessment of cost of such improvement to the property benefited thereby, that none of said resolutions violates any provision of the Constitution of the State of Florida or any rights thereunder, and that none of said resolutions denies the equal protection of the laws to the owners of lots and parcels of land which abut upon the side or sides of the streets where said improvements are to be made or deprives any person of his property without due process of law or without just compensation.' "

From the final decree, appeal was taken.

The question presented is:

"Does the ordering by one resolution of a system of Sanitary Sewers covering approximately two-thirds of the area of the City of Miami violate the provisions of Section 56 of the City Charter or Section 1 and 12 of the Declaration of Rights of the Florida Constitution?"

The Legislature at its regular session of 1945 enacted Chapter 23407 Special Laws known as the Miami Sanitary Sewer Financing Act. The record here shows that the respective boards and commissions designated in that Act complied with the requirements of that Act in all their actions and doings in connection with the issuance of the bonds here sought to be validated. None of such acts or doings, nor the results thereof, violated Section 1 or Section 12 of the Declaration of Rights of the Constitution of Florida.

One of the leading cases in this country on the subject of local improvements for the benefit of the public is Crane v. City of Siloam, 67 Ark. 30, 55 S. W. 955. We commend the reasoning reflected in the opinion in that case to the reader who may be interested in the subject.

It appears that no useful purpose may be served by discussing various matters which might not be improper to dwell upon in a thesis. Therefore, having stated the pertinent facts of the case and the conclusion we reach, and finding no reversible error is made to appear, the decree is affirmed.

So ordered.

CHAPMAN, C. J., TERRELL, BROWN, THOMAS, ADAMS and SEBRING, JJ., concur.